**Petition for Writ of Mandamus Denied and Memorandum Opinion filed July 6, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00672-CR

---

### IN RE LINZALE DORSETTE GREER, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 09CR3730**

---

## MEMORANDUM OPINION

On September 19, 2022, relator Linzale Dorsette Greer filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Jeth Jones, presiding judge of the 122nd District Court, Galveston County, to conduct a hearing and make a finding as required by Article 64.04 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. 64.04.

Relator was convicted of aggravated kidnapping on June 2, 2011, and sentenced to 30 years' incarceration on July 1, 2011. Relator appealed the judgment to this court, but, on January 12, 2012, we dismissed the appeal because relator's notice of appeal was untimely filed. *See Greer v. State*, No. 14-11-00898-CR, 2012 WL 130952 (Tex. App.—Houston [14th Dist.] Jan. 12, 2012, no pet.) (mem. op., not designated for publication).

On November 16, 2017, relator filed an application for writ habeas corpus in the Texas Court of Criminal Appeals. *See Ex parte Greer*, No. WR-87,337-01, 2017 WL 6031730 (Tex. Crim. App. Dec. 6, 2017) (not designated for publication). The court granted relator an out-of-time appeal because relator's counsel did not file a timely notice of appeal. *Id.* at *1. We affirmed relator's conviction on August 15, 2019. *See Greer v. State*, No. 14-18-00046, 2019 WL 3821959 (Tex. App.— Houston [14th Dist.] Aug. 15, 2015, no pet.) (mem. op., not designated for publication).

On May 21, 2020, relator filed a motion for post-conviction DNA testing in the trial court. On May 22, 2020, the State filed a notice asserting that the State had recently received the DNA recalculations and that they differed from the results testified to at trial. The State also requested that defense counsel be appointed to represent relator for the purposes of possible proceedings under Chapter 64 and Article 11.07 of the Texas Code of Criminal Procedure. That same day, the trial court granted the request for appointment of counsel and appointed attorney Thomas A. Martin to represent relator.

On October 22, 2020, the State filed its response to relator's motion for post-conviction DNA testing, indicating that it was not opposed to retesting certain

evidence. The following day, the trial court ordered that certain evidence be subjected to post-conviction testing.

On August 23, 2022, relator, acting pro se, filed an application for writ of habeas corpus in the trial court, challenging, among other things, the DNA evidence presented at trial. That application remains pending.

On August 25, 2022, relator, acting pro se, filed a motion requesting that the trial court hold a hearing and make a finding pursuant to article 64.04. *See* Tex. Code Crim. P. art. 64.04 ("After examining the results of testing under Article 64.03 and any comparison of a DNA profile under Article 64.035, the convicting court shall hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.").

On September 9, 2022, the State informed the trial court, via email, that it opposed relator's request to make a finding under article 64.04 because post-conviction DNA testing had not been completed and that relator was represented by counsel and not entitled to hybrid representation. Relator's counsel responded that he agreed with the State in requesting the trial court to wait for all DNA testing to be concluded prior to any hearing. The trial court notified the State and relator's counsel that it would refrain from taking any action on relator's pro se filing.

On September 19, 2022, relator, acting pro se, filed a petition for writ of mandamus in this this court, asking that we compel Judge Ellisor, who was the presiding judge of the 122nd District Court, to conduct a hearing and make a finding pursuant to article 64.04. Judge Ellisor retired from the court, and was succeeded by the Honorable Jeth Jones on January 1, 2023.

One of the documents attached to relator's petition was a supplemental DNA laboratory report from the Texas Department of Public Safety dated August 2, 2021. On January 19, 2023, considering the existence of a supplemental DNA laboratory report, we directed the Galveston County District Clerk to file a clerk's record containing the following: (1) the trial court's findings of fact and/or conclusions of law on relator's post-conviction request for DNA testing; (2) the trial court's order for post-conviction DNA testing; (3) the supplemental DNA laboratory report; and (4) relator's article 64.04 notice.

On February 1, 2023, the District Clerk filed a supplemental record containing the following: (1) State's article 64 notice and supplemental DNA lab report filed May 22, 2020; (2) findings of facts and order on applicant's request for DNA testing filed October 23, 2020; (3) order for release of exhibits for retesting of DNA signed October 26, 2020; and (4) defendant's notice to the trial court to hold a hearing and make a finding pursuant to article 64.04 filed August 25, 2022.

On February 8, 2023, the State filed a response to relator's petition for writ of mandamus in this court. The State asserted, among other things, that relator's petition should be dismissed because relator is not entitled to hybrid representation in the Chapter 64 proceedings.

On April 13, 2023, we abated this original proceeding to allow Judge Jones to reconsider Judge Ellisor's decision regarding relator's request for relief. *See* Tex. R. App. P. 7.2(b) ("If the case is an original proceeding under Rule 52, the court must abate the proceeding to allow the successor to reconsider the original party's decision.").

4

Also, on April 13, 2023, the State and relator's counsel advised the trial court that the post-conviction DNA testing had not been completed and recommended that the trial court ratify Judge Ellisor's decision to take no action on relator's request for relief. On April 14, 203, the trial court signed an order on relator's request for a hearing and a finding pursuant to article 64.04. The trial court concluded that any action by the court pursuant to article 64.004 would be premature because post-conviction DNA testing had not been completed and the interests of justice would be best served by ordering the relator's August 25, 2022 pro se motion for a hearing and finding pursuant to article 64.04 held in abeyance. Therefore, the trial court ordered that relator's pro se motion held in abeyance until further order of the court.

The trial court appointed counsel to represent relator in the Chapter 64 proceeding on May 22, 2020. Relator's filed his petition in this court pro se on September 19, 2022. There is no Texas constitutional right to hybrid representation. *Turner v. State*, 805 S.W.2d 423, 425 n.1 (Tex. Crim. App. 1991); *see also Patrick v. State*, 906 S.W.2d 481, 498 (Tex. (Tex. Crim. App. 1995). Relator does not have a right to hybrid representation.

Moreover, the State and relator's own counsel asked the trial court to take no action on relator's request for a hearing and a finding pursuant to article 64.04 because the post-conviction DNA testing has not been completed. The trial court agreed and concluded that it would be premature at this time to rule on relator's request and ordered relator's motion held in abeyance. Similarly, it would be premature for this court to address relator's request for relief in his petition.

Relator has not established that he is entitled to mandamus relief. Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Wise, Hassan, and Wilson.
Do Not Publish — Tex. R. App. P. 47.2(b).